

FILED
U.S. DISTRICT COURT
STRICT OF MARYLAND

2007 MAY 15  A 8: 57

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LYDELL ROGERS, #31700-037          :

     Petitioner          :

      v.          :          CIVIL ACTION NO. WDQ-07-631
                                CRIMINAL ACTION NO. WDQ-05-153

UNITED STATES OF AMERICA          :

     Respondent          :

ooOOOoo

## MEMORANDUM

Before the Court is a pro se motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure by Lydell Rogers. Rogers, an inmate at the United States Penitentiary-Canaan, is challenging his conviction and sentence for bank robbery.[1]  Specifically, he claims that this Court lacked subject matter jurisdiction to convict and sentence him for bank robbery. By Order entered on April 16, 2007,  the Court notified Rogers that the pleading is more properly construed under 28 U.S.C. §2255 as a Motion to Vacate, Set Aside or Correct, and granted him thirty days to address why the § 2255 motion should not be dismissed as time-barred, withdraw the pleading, or request that it be ruled upon as submitted.  Petitioner has filed a reply requesting the motion be reviewed as filed.  Upon review of the pleadings and applicable law, the Court will deny the Rule 60(b) motion. The §2255 motion will be dismissed without  prejudice.

---

[1]      On October 17, 2005, Rogers pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and (f).  On January 19, 2006, the Court sentenced him to 151 months incarceration followed by three years of supervised release. *See United States v. Rogers*, Criminal Action No. WDQ-05-153 (D. Md). Rogers did not appeal his conviction or sentence.  He filed the instant  pleading on March 5, 2007.

## II Analysis

### A. Rule 60(b)

Rogers bases his motion on Rule 60(b)(4) which provides for relief from judgment where the "criminal action is void." Fed. Rule Civ. P. 60(b)(3). The pleading is both procedurally and substantively without support. First, Rule 60(b) of the Federal Rules of Civil Procedure does not provide a basis to attack a criminal judgment.[2] *See United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1988). Rule 1 of the Federal Rules of Civil Procedures states that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature." Fed. R. Civ. P. 1. The judgment Rogers is contesting was entered in a criminal case, not a civil action. Next, it is well established that subject matter jurisdiction is conferred on federal courts under 18 U.S.C. 2113(a) and (f) if the bank was insured by the Federal Deposit Insurance Corporation (FDIC) at the time of trial. *See Pigford v. United States*, 518 F.2d 831 (4th Cir. 1975), *United States v. Harris*, 530 F.2d 576, 578, *United States v. Dunham*, 995 F.2d 45 (5th Cir. 1993). Accordingly, the Court will deny the Rule 60(b) motion by separate order.

### B. 28 U.S.C. §2255 Pleading

Although Rogers captions this pleading under Rule 60(b), it is clear that he intends to collaterally challenge his criminal sentence. As such, his claim is more properly raised in a 28 U.S.C. § 2255 Motion to Vacate, Set-Aside or Correct. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not petitioner's description which determines its status). Rogers, however, asks this Court to review his motion under Rule 60(b). For

---

[2]     Rogers has not previously filed a 28 U.S.C. §2255 proceeding to collaterally attack his conviction. For this reason, he cannot claim this Rule 60(b) action attacks "a defect in the integrity of the federal habeas proceeding." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005); *see also United States v. Winestock*, 340 F. 3d 200, 203 (4th Cir. 2003) (stating a Rule 60(b) motion alleges a defect in the collateral review process).

this reason, the Court will dismiss the 28 U.S.C. § 2255 motion without prejudice.[3]

## III. Conclusion

For the reasons stated herein, the Court shall deny the Rule 60(b) motion for relief.  The 28

U.S.C. §2255 motion for collateral relief shall be dismissed without prejudice.

_____                    _____
Date                                                              William D. Quarles, Jr.
                                                                       United States District Judge

---

[3] A Motion to Vacate, Set Aside, or Correct a federal sentence must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Since Rogers did not file a direct appeal, his conviction became final on January 19, 2006. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir.2001).  Under this analysis, the § 2255 motion for collateral review is untimely, unless principles of equitable tolling apply.  Rogers's may not circumvent the one-year limitations period by titling his pleading a Rule 60(b) motion. The Court will direct the Clerk to mail Rogers an information packet for filing a 28 U.S.C. §2255. In the event he intends to file for collateral relief, he should provide his reasons why he believes principles of equitable tolling apply to his case.

3